IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

DOREEN TRUNNELL,

    Plaintiff,

v.                                                           CASE NO. 1:11-cv-38-SPM-GRJ

ADVANCE STORES COMPANY, INC.
d/b/a ADVANCED AUTO PARTS,

    Defendant.

_____/

## **O R D E R**

This matter is before the Court upon Defendant's Motion to Seal. (Doc. 42.) Defendant requests the Court to enter an order sealing certain nonparty pay and personnel records, as well as Defendant's region-specific pay scales, to the extent such records are filed by Plaintiff in her anticipated motion for summary judgment, or by the parties in response or reply memoranda. Plaintiff has not filed a response and the time for doing so has passed.[1]

On September 30, 2011 the Court entered a protective order (Doc. 41), which endorsed Defendant's proposed Consent Order Governing the Protection and Exchange of Confidential Information and Documents. Defendant advises that it has produced certain nonparty pay and personnel records, which it contends are confidential and must be filed under seal to the extent these documents need to be considered by the Court in resolving motions for summary judgment.

---

[1] Defendant advises in its motion that Defendant's counsel conferred with counsel for Plaintiff and that although Plaintiff's counsel does not object to the filing of the motion, Plaintiff does not agree that there is sufficient cause to seal the requested documents.

In determining whether materials filed in conjunction with a motion may be sealed despite the presumptive common-law and/or First Amendment rights of access to certain court records, the Court must assess whether there is good cause to seal the records. *See, e.g.* Chicago Tribune Co. v. Bridgestone/Firestone, Inc., 263 F.3d 1304, 1310-15 (11th Cir. 2001). Legitimate privacy interests are implicated where, as here, the records concern private individuals who are not parties to the lawsuit. Luzzi v. ATP Tour, Inc., 2011 U.S.Dist. LEXIS 747796, *9 (M.D. Fla. 2011).

The records produced in this case include compensation information, performance evaluations, disciplinary notices, and wage information. In addition, the records produced pursuant to the Confidentiality Order include region specific wage rate tables. The disclosure of wage information – and particularly region specific wage information – to competitors could provide a competitor with an unfair competitive advantage. On the other hand, there does not appear to be any compelling interest by the public in such information. Therefore, the Court concludes that Defendant has demonstrated sufficient good cause for sealing the requested documents.

Accordingly, upon due consideration, it is **ORDERED** that:

(1) Defendant's Motion to Seal (Doc. 42) is **GRANTED**.

(2) To the extent Plaintiff files any nonparty employee wage and personnel records produced by Defendant or Defendant's proprietary region-specific wage scales, in conjunction with a motion for summary judgment, Plaintiff shall files these records under seal.

(3) When referencing the employee-specific sealed information in her motion for summary judgment and/or memoranda, Plaintiff shall refer to the relevant nonparty

employees as "Employee A," "Employee B," "Employee C," etc. The sealed record must contain a "key,' which matches each employee to his applicable letter designation.

(4) To the extent Plaintiff references information from the sealed documents in her motion for summary judgment and/or related memoranda, Plaintiff must limit her description of the records only to that which is relevant to prove her claim.

**DONE AND ORDERED** this 31st day of October, 2011.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge