UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

DOREEN TRUNNELL,

        Plaintiff,

v.                                 CASE NO.: 1:11cv38-SPM/GRJ

ADVANCE STORES COMPANY
INCORPORATED d/b/a
ADVANCED AUTO PARTS,

        Defendant.

_____/

## ORDER DENYING CROSS MOTIONS FOR SUMMARY JUDGMENT

This cause comes before the Court on Plaintiff's Motion for Partial Summary Judgment (doc. 51) and Defendant's Motion for Summary Judgment (doc. 58).  Because Plaintiff and Defendant have failed to show for their respective claims that there are no genuine issues of material fact for the jury to decide, the motions for summary judgment will be denied.

## I.    STANDARD FOR SUMMARY JUDGMENT

A party can move for summary judgment to resolve a case prior to trial. Summary judgment is appropriate only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as

a matter of law."   Fed.R.Civ.P. 56(c).  A fact is "material" if it might affect the outcome of the case under the governing substantive law.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  A dispute about a material fact is "genuine" if the evidence could lead a reasonable jury to find for the nonmovant. Id.  It is only when the material facts are so clear that they can reasonably be resolved only in the movant's favor that summary judgment is appropriate.   Id. at 248-51.  If the material facts can be resolved in favor of either party, then the case must proceed to trial.  Id.

The initial burden is on the movant to show that there are no genuine issues of material fact to be determined at trial.  Mullins v. Crowell, 228 F.3d 1305, 1313 (11th Cir. 2000).  In assessing whether this burden has been met, the court views the evidence and all factual inferences in the light most favorable to the nonmovant, and resolves all reasonable doubts about the facts in favor of the nonmovant.  Burton v. City of Belle Glade, 178 F.3d 1175, 1187 (11th Cir. 1999).

If the movant has satisfied its initial burden, the burden shifts to the nonmovant who must show "that summary judgment would be inappropriate because there exists a material issue of fact."  Mullins, 228 F.3d at 1313.  The burden can be met by presenting enough evidence to show that a reasonable finder of fact could find for the nonmovant.  Allen v. Tyson Foods, Inc., 121 F.3d 642, 646 (11th Cir. 1997).  The nonmovant must present more than a scintilla of evidence in support of its position.  Anderson, 477 U.S. at 254.  The basic inquiry

is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Id. at 251.

## II.    BACKGROUND

Plaintiff, Doreen Trunnell, worked for Defendant, Advanced Stores Company Incorporated d/b/a Advanced Auto Parts, as a store manager and assistant store manager.  She is suing Defendant for violating the Equal Pay Act, which makes it unlawful for an employer to discriminate in the payment of wages on the basis of sex.   29 U.S.C. § 206(d)(1).

To establish a prima facie case, Plaintiff must show "that the employer paid employees of opposite genders different wages for equal work for jobs which require equal skill, effort, and responsibility, and which are performed under similar working conditions." Steger v. Gen. Elec. Co., 318 F.3d 1066, 1077-78 (11th Cir. 2003).  Plaintiff has identified eleven male store managers and assistant store managers, Employees A through K, that Defendant paid more than Plaintiff even though, Plaintiff attests, she performed the same work at substantially the same hours with the same job requirements.

In meeting her prima facie case, Plaintiff is not required to show that her job was identical to each of the male comparators' jobs, only that the jobs were *substantially* equal in terms of skill, effort, and responsibilities.  Mulhall v. Advance Security, Inc., 19 F.3d 586, 592 (11th Cir. 1994).   Job titles and

classifications can be considered, but they are not controlling.  Id.  The focus is on the primary duties of the job.  Id.

Furthermore, to make a valid comparison, Plaintiff must show that she and the male comparators worked in the same "establishment."  The fact that employees work in separate stores does not preclude a finding that they worked in the same establishment.  Separate job sites can be part of a single establishment for purposes of the Equal Pay Act if they are subject to centralized administrative control.  Mulhall, 19 F.3d at 591-92.

Once Plaintiff has established a prima facie case, the burden of proof shifts to Defendant to show as an affirmative defense that the pay differences are justified by one of the four exceptions in the Equal Pay Act: "(i) seniority; (ii) a merit system; (iii) a system which measures earnings by quantity or quality of production; or (iv) a differential based on any other factor other than sex." Corning Glass Works v. Brennan, 417 U.S. 188, 196 (1974).  Defendant must show that sex played no role in the wage differentials.  Steger, 318 F.3d at 1077-78.

## III.   DISCUSSION

### A.   Defendant is not barred from disputing facts

Plaintiff argues in her motion for summary judgment that there are no genuine issues of material fact concerning her satisfaction of a prima facie case. Plaintiff relies on her own declaration and Defendant's pay records (see doc. 50)

as evidence.  She contends that Defendant should be prohibited from contesting

these matters because Defendant's corporate representative claimed he did not

know about these matters when he was deposed.  See Fed. R. Civ. P. 30(b)(6)

(charging designated corporate representative with responsibility to "testify about

information known or reasonably available to the organization.").

Plaintiff explains that the corporate representative deposition notice

specifically identified Employees A through K and included as areas of inquiry (1)

the duties performed by those employees and (2) Defendant's reasons for the

pay differential between Plaintiff and those employees.  At his deposition,

Plaintiff's counsel provided the corporate representative, Edward "Ted" Bush III,

with a draft copy of Plaintiff's summary judgment declaration.  Counsel for

Plaintiff and Defendant argued about whether it was appropriate to ask Mr. Bush

questions about Plaintiff's declarations, but eventually Mr. Bush answered that he

lacked knowledge about the matters.  According to Plaintiff, Defendant cannot

now address the matters because doing so would be contrary to the deposition

testimony given by Mr. Bush.

This argument fails for two reasons.  First, although there is no precedent

from the Eleventh Circuit on this issue, other jurisdictions have held that a

corporate representative's Rule 30(b)(6) deposition testimony is not binding in

the sense of a judicial admission;  and thus contrary testimony may be offered.

See AstenJohnson, Inc. v. Columbia Cas. Co., 562 F.3d 213, 229 n.9 (3d Cir.

CASE NO.: 1:11cv38-SPM/GRJ

2009); <u>A.I. Credit Corp. v. Legion Ins. Co.</u>, 265 F.3d 630, 637 (7th Cir. 2009);

<u>R&B Appliance Parts, Inc. v. Amana Co.</u>, 258 F.3d 783, 787 (8th Cir. 2001); <u>see</u>

<u>also</u>, 8A Wright, Miller, and Marcus, <u>Federal Practice and Procedure</u>, § 2103 at

469-471 (3d ed. 2010).

Second, just like any other instance involving conflict between deposition

testimony and materials submitted on summary judgment, great care must be

taken to distinguish "between discrepancies which create transparent shams and

discrepancies which create an issue of credibility or go to the weight of the

evidence." <u>Tippens v. Celotex Corp.</u>, 805 F.2d 949, 953 (11th Cir. 2008).   An

affidavit should only be stricken as a sham when it is provided without

explanation and inherently inconsistent with deposition testimony given in the

form of clear answers to unambiguous questions.  <u>Id.</u> at 954.

Here, Defendant explains that the inconsistencies between Mr. Bush's

affidavit and his deposition testimony resulted from the way Plaintiff's counsel

questioned Mr. Bush.  Plaintiff's counsel placed an unfamiliar document before

Mr. Bush and proceeded to ask him whether Plaintiff's statements therein were

true.  The first statements that Plaintiff's counsel asked Mr. Bush about were

Plaintiff's claims that she had personal knowledge of the facts in her draft

summary judgment declaration.  The questions Plaintiff's counsel asked Mr.

Bush were confusing and Mr. Bush was unable to provide clear answers about

whether the matters were within Plaintiff's knowledge.  Mr. Bush ended up

responding that he did not know whether Plaintiff's statements were true or not.

Under the circumstances, it would not be appropriate to strike Mr. Bush's affidavit as a sham.  The line of questions posed to Mr. Bush were confusing and his answers reflected the confusion.  Mr. Bush's affidavit is not inherently inconsistent with his deposition testimony as there are no matters in the affidavit that are contradicted by clear answers in his deposition.  Accordingly, to the extent Plaintiff seeks to strike the affidavit and prevent Defendant from contesting the statements in Plaintiff's declaration, Plaintiff's motion will be denied.

### B.    Plaintiff has not met her initial summary judgment burden

Plaintiff argues that summary judgment on her prima facie case should be granted as to all of the comparators because there are no genuine issues of material fact concerning her satisfaction of the prima facie case.  Plaintiff also argues that for Employees A through E, Defendant failed to make a valid argument that they cannot be used as comparators, so for this additional reason, summary judgment should be granted in her favor.

Because Plaintiff is seeking summary judgment on issues on which she bears the burden of proof, she must make an affirmative showing that there is no genuine issue of material fact.  Fitzpatrick v. City of Atlanta, 2 F3d. 1112, 1115 (11th Cir. 1993).  This means that to meet her initial summary judgment burden, Plaintiff must show that no reasonable jury could find against her if the evidence she presented in support of her motion were to remain uncontroverted at trial.  Id.

In support of her motion, Plaintiff relies on her own affidavit in which she states that she "performed the same work, worked substantially the same hours, and had the same job requirements as [Employees A through K]."  Plaintiff notes that she and her comparators held the same job titles, but the titles are not controlling.  Mullhall, 19 F.3d 592.

Plaintiff does not provide any description about Defendant's business operation to demonstrate that the jobs were substantially similar.  Plaintiff does not provide any description about what the jobs actually entailed.  Plaintiff does not address other factors to consider, such as "the level of education, experience, training and ability necessary to meet the performance requirements of the respective jobs," or "the amount of physical and mental exertion needed," or "the level of authority delegated to the respective employees to direct or supervise the work of others or to represent the employer in dealing with customers or suppliers; the consequences of inadequate or improper performance of the work in terms of possible damage to valuable equipment or possible loss of business or productivity; and the possibility of incurring legal liability to third parties."  Eleventh Circuit Pattern Jury Instructions Civil, Federal Claims Instructions 1.6.1 (2005).  These are all matters that a jury would be directed to consider in assessing whether the jobs were substantially equal in terms of skill, effort, and responsibility.

The standard for Plaintiff to meet in showing that the jobs were

substantially equal in terms of skill, effort, and responsibility is a "high" one.

Mullhall, 19 F.3d at 592.  Juxtaposed against the high standard, Plaintiff's bare

conclusions, without providing underlying facts to support them, are not the kind

of strong and compelling that evidence that no reasonable jury would be free to

disbelieve.   "Summary judgment in favor of a party with the burden of persuasion

. . . is inappropriate when the evidence is susceptible of different interpretations

or inferences by the trier of fact."  Hunt v. Cromartie, 526 U.S. 541, 553 (1999).

Even when the nonmovant fails to properly respond, "it is inappropriate to grant

summary judgment on the merits on those issues whose decision depends on

resolution of evident factual disputes not put beyond dispute by the [movant's]

affidavit . . . ."  White v. Thomas, 660 F.2d 680, 682-83 (5th Cir. Nov. 1981).

Plaintiff's declaration, because it fails to provide any underlying facts to support

her conclusions, does not put these matters beyond dispute.  Accordingly,

Plaintiff's motion for summary judgment must be denied.

### C.    Defendant has not met its summary judgment burden

#### 1.    comparators

Defendant argues in its cross motion for summary judgment that Plaintiff

cannot demonstrate a prima facie case because some of the comparators she

relies upon are not proper comparators.  Defendant argues that Employees B, D,

F, and I are not proper comparators because they started out in different districts,

which should be treated as different establishments.  This argument is without

merit.  Even if these employees started out in different districts, the fact that they later worked in the same district at the same time as Plaintiff and were paid more by Defendant for equal work is sufficient for Plaintiff to meet her prima facie case.

Defendant also argues that the assistant managers, Employees F, I, G, H, J, and K, are not proper comparators because as hourly assistant managers they had different duties and two of them (Employees J and K) had hourly pay levels set on an expected 40 hour work week instead of 50, resulting in an expected weekly wage that was lower than Plaintiff's weekly wage.  As for the different duties, Defendant cites to one line in Plaintiff's deposition where she states that she "did not perform any manager or assistant manager duties."  Doc. 66-3 (Plaintiff's deposition at p. 153, lines, 24-25).  Very little context is given to understand this statement.  Placed against the affidavit submitted by Plaintiff that she performed the same work as these comparators, genuine issues of material fact exist for the jury to determine.

Likewise, very little context is given to understand Defendant's argument about its justification for paying Employees J and K more per hour.  Viewed against Plaintiff's affidavit that she trained Employees J and K and that Plaintiff was paid less, genuine issues of material fact exist for a jury to determine.

### 2.    affirmative defense

Defendant also argues that summary judgment should be granted in its

favor on its affirmative defense that the pay differences are justified by an exception in the Equal Pay Act for: "(i) seniority; (ii) a merit system; (iii) a system which measures earnings by quantity or quality of production; or (iv) a differential based on any other factor other than sex." Corning, 417 U.S. at 196.  To succeed on its affirmative defense, Defendant must show that the factor of sex provided no part of the basis for the wage differential.  Brock v. Georgia Southwestern College, 765 F.2d 1026, 1036 (11th Cir. 1985); 29 U.S.C. § 800.142.  Thus, unlike a Title VII action, if the plaintiff establishes a prima facie case, then the burden of proof and production shifts to the employer and the exceptions are affirmative defenses of which the employer bears the burden of proof.  Plemer v. Parsons-Gilbane, 713 F.2d 1127, 1136 (11th Cir. 1983).

Defendant argues that the pay differentials between Plaintiff and Employees A through K were not related to sex, but based on either (1) pay rates outside of Plaintiff's district, (2) differences in management experience, or (3) difference in job performance and job duties.  Because Defendant bears the burden of proof on these issues, he must show that no reasonable jury could find in Plaintiff's favor if the evidence it presented in support of its motion were to remain uncontroverted at trial.  Fitzpatrick, 2 F3d. at 1115.  "Summary judgment in favor of a party with the burden of persuasion . . . is inappropriate when the evidence is susceptible of different interpretations or inferences by the trier of fact."  Hunt v. Cromartie, 526 U.S. 541, 553 (1999).  "The credibility and weight to

be given [to the employer's] 'explanations' are traditionally matters left to the consideration of fact finders." Mullhall, 19 F.3d at 595.

Here, Defendant's reasons for the pay differentials are difficult to follow, and it is unclear whether Defendant's policies were objectively applied so that the factor of sex provided no part of the basis for the pay differential. Irby v. Bittick, 44 F.3d 949, 954 (11th Cir. 1995) (seniority and merit pay systems must be "uniformly enforced and written"); Schwartz v. Fla. Bd. of Regents, 954 F.2d 620, 623-24 (11th Cir. 1991) (employer's affirmative defense must be based on factors capable of objective evaluation).  Given Defendant's heavy burden in proving its affirmative defense, id. at 590, Defendant has failed to show that there are no genuine issues of material fact for the jury to determine.  Accordingly, Defendant's motion for summary judgment must be denied.

## IV.    Conclusion

Plaintiff has not demonstrated that she is entitled to partial summary judgment as to her prima facie case.  Contrary to Plaintiff's argument, Defendant is not stuck with Mr. Bush's deposition testimony and may rely on Mr. Bush to explain the differences between Plaintiff and Employees A through K. Furthermore, the elements Plaintiff must prove as part of her prima facie case were not put beyond dispute by her declaration because the declaration failed to provide underlying facts to support Plaintiff's conclusions.

Defendant has not demonstrated that it is entitled to summary judgment.

Defendant's burden to show that the pay differentials between Plaintiff and Employees A through K fall within an exception to the equal pay act is a "heavy one" as Defendant must show that "the factor of sex provides no basis for the wage differential."  <u>Mullhall</u>, 19 F.3d 586.  Defendant's reasons for the pay differential are not so clearly objective and compelling that no reasonable jury could disbelieve them.  Based on the foregoing, it is

ORDERED AND ADJUDGED:

1.      Plaintiff's Motion for Partial Summary Judgment (doc. 51) is denied.

2.      Defendant's Motion for Summary Judgment (doc. 58) is denied.

DONE AND ORDERED this 28th day of February, 2012.

*s/ Stephan P. Mickle*
Stephan P. Mickle
Senior United States District Judge

CASE NO.: 1:11cv38-SPM/GRJ